Case 3:22-cv-02005-L   Document 1-3   Filed 09/09/22   Page 1 of 6   PageID 10

FILED
7/27/2022 2:23 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Danitra Brown DEPUTY

1 CIT ESERVE

DC-22-08718

CAUSE NO. _____

| | | |
|---|---|---|
| **HANORAH GONZALES** | § | IN THE DISTRICT COURT |
| Plaintiff, | § | 14th |
| | § | |
| V. | § | \_\_\_\_JUDICIAL DISTRICT |
| | § | |
| **ALBERTSONS COMPANIES, LLC** | § | |
| **D/B/A ALBERTSONS** | | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES HANORAH GONZALES**, hereinafter called Plaintiff, complaining of and about Albertsons Companies, Llc D/B/A Albertsons, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### I.  DISCOVERY CONTROL PLAN LEVEL

Plaintiff seeks damages in an amount that is within the jurisdictional limits of the Court and monetary compensation over $250,000 but less than $1,000,000. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II.  PARTIES AND SERVICE

Plaintiff, HANORAH GONZALES, is an individual who is a resident of Dallas County, Texas. The last three digits of the social security number for the Plaintiff are 720 .

Defendant, Albertsons Companies, Llc D/B/A Albertsons, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation: **CT Corporation System at , 1999 Bryan**

**EXHIBIT C**

Copy from re:SearchTX

**Street, Suite 900, Dallas, TX 75201**. Service of said Defendant as described above can be perfected by personal delivery or certified mail.

### III.   JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter, and the amount in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties, and all or a substantial part of the events occurred in this county. Venue in Dallas County is proper in this cause under Section 15.002(a)(4) of the Texas Civil Practice and Remedies Code because Plaintiff resides in Dallas County, Texas.

### IV.   FACTS

At all times material hereto, Defendant, Albertsons Companies, Llc D/B/A Albertsons, was the owner/operator of the premises located at 225 E Spring St, Weatherford, TX 76086.

On or about February 1, 2021, Plaintiff was an employee of Defendant and entered upon said premises as an invitee for the purpose of working. During the time that Plaintiff was upon Defendant's property Plaintiff was seriously injured as a result of a dangerous condition that existed, specifically, Plaintiff fell in standing water fracturing her left knee. Plaintiff's slip and fall in standing water, condensation from the ovens, and an uneven floor preventing the condensation to flow down into the floor drain, was the proximate cause of the damages and injuries complained of in this petition in which Defendant, knew or, in the exercise of ordinary care, should have known existed.

### V.   LIABILITY OF DEFENDANT

At all times mentioned herein, Defendant, Albertsons Companies, Llc D/B/A Albertsons, owned/operated the property in question located at 225 E Spring St, Weatherford, TX 76086.

At all times mentioned herein, Defendant, Albertsons Companies, Llc D/B/A Albertsons, had such control over the premises in question that Defendant, Albertsons Companies, Llc D/B/A Albertsons, owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

Defendant, Albertsons Companies, Llc D/B/A Albertsons, and Defendant through agents and servants or employees negligently permitted the floor to become dangerous, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant, Albertsons Companies, Llc D/B/A Albertsons, or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that had Defendant, Albertsons Companies, Llc D/B/A Albertsons, or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

At all times pertinent herein, Defendant, Albertsons Companies, Llc D/B/A Albertsons, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

C. Failing to give warnings to Plaintiff, of the unsafe condition;

D. Failing to discover and remove the dangerous substance that caused the slip and fall; and,

E. Failing to discover and remove the dangerous substance within a reasonable time.

## VI. PROXIMATE CAUSE

Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VII. NEGLIGENCE – NON-SUBSCRIBING EMPLOYER

On the day of the incident in question, Defendant Albertsons was a non-subscriber as that term is used under the Texas Workers' Compensation Act, in that said Defendant did not carry a policy of worker's compensation insurance on the Plaintiff, and yet hired her and made use of her services as an employee. Under the provisions of §406.033, Texas Labor Code, Defendant is barred from asserting a defense based on contributory negligence, assumption of the risks, or negligence of a fellow employee.

## VIII. DAMAGES FOR PLAINTIFF

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, HANORAH GONZALES, was caused to suffer severe bodily injuries and to incur some or all of the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, HANORAH GONZALES, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past and future;

D. Impairment in the past and future;

E. Mental anguish in the past and future;

F. Disfigurement;

G. Lost wages past and future; and,

H. Loss of earning capacity past and future.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully ask(s) that the Defendant be cited to appear and answer and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for some or all of the following damages:

a) Physical pain in the past and future;

b) Mental anguish in the past and future;

c) Disfigurement in the past and future;

d) Physical impairment in the past and future;

e) Medical expenses in the past and future;

f) Loss of earning capacity in the past and future;

g) Lost wages;

h) Costs of suit;

i) Prejudgment and post-judgment interest;

j) All other and further relief, in law and in equity, to which Plaintiff may be entitled.

**EXHIBIT C**

Copy from re:SearchTX

Respectfully submitted,

**BAILEY & GALYEN**
1300 Summit Ave., Ste 650
Fort Worth, TX 76102
(817) 592-6070 - Office
(817) 778-9211 – Facsimile
spierret@galyen.com - Email

By: */s/ Steven Pierret*
Steven Pierret
Texas State Bar No.: 16001600

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT C

Copy from re:SearchTX